E-FILED
Friday, 14 March, 2025  03:18:04 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

|  |  |  |
|---|---|---|
| RUBY W., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-cv-3010 |
| | ) | |
| LELAND DUDEK, Acting Commissioner | ) | |
| of Social Security,[1] | ) | |
|     Defendant. | ) | |

### ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

This is an action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of Defendant Commissioner of Social Security's ("Commissioner") decision denying Plaintiff Ruby W.'s applications for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act. Before the Court are Plaintiff's Brief in support of reversal and remand (Doc. 7), the Commissioner's Brief in support of affirmance (Doc. 10), Plaintiff's Reply (Doc. 11), Magistrate Judge Karen L. McNaught's Report and Recommendation recommending that the Commissioner's decision be affirmed (Doc. 12), Plaintiff's Objections to the Report and Recommendation (Doc. 13), and the Commissioner's Response to Plaintiff's Objections (Doc. 14).

In his decision, the Administrative Law Judge ("ALJ") found that while Plaintiff had certain severe impairments, none of the impairments alone or in combination met or medically equaled a listed equipment. (Doc. 5 at 25-26). The ALJ found that Plaintiff has

---

[1]Pursuant to Federal Rule of Civil Procedure 25(d), Leland Dudek is substituted as the Defendant.

the residual functional capacity ("RFC") to perform sedentary work with certain restrictions. (*Id.* at 29-30). The ALJ further found Plaintiff was capable of performing her past relevant work as a tax preparer and was not disabled under the Social Security Act. (*Id.* at 29-30). In the Report and Recommendation, Judge McNaught determined that the ALJ had used the correct legal standards and supported his decision with substantial evidence in the record and recommended that the ALJ's decision be affirmed. (Doc. 12).

When a dispositive motion is referred to a magistrate judge, "[t[he magistrate judge must enter a recommended disposition." Fed. R. Civ. P. 72(b)(1); *see also* 28 U.S.C. § 636(b)(1)(C). A party may file written objections to the report and recommendation within 14 days. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). This Court reviews de novo "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Any unobjected portions of the report and recommendation are reviewed for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

Plaintiff cites three objections to the Report and Recommendation. First, she claims the Court should decline to adopt the magistrate judge's application of *Schrank v. Saul*, 843 F. App'x 786 (7th Cir. 2021) — specifically, that the Court need only find a single valid reason to uphold the credibility determination made by the ALJ. *Id.* at 789. Next, Plaintiff asserts the Court should decline to adopt the magistrate judge's determination under 20 C.F.R. § 404.1529(c)(1) that the ALJ adequately relied upon the state agency physicians'

opinions as part of the review of subjective reports of symptoms. Plaintiff next contends the Court should decline to adopt the magistrate judge's conclusion that the ALJ adequately discussed the vocational expert's testimony in the decision, regardless of whether the ALJ's discussion of the vocational expert's testimony was sufficient to support the ALJ's conclusion. Plaintiff asks the Court to decline to adopt the Report and Recommendation, vacate the Commissioner's decision, and remand the case for further administrative proceedings. (Doc. 13 at 4).

In determining the ALJ's credibility determination was based on substantial record evidence, the magistrate judge cited *Schrank* for the proposition that the Court need only find a single reason to uphold the ALJ's credibility determination. *Id.* at 789 (stating that even if a reason for discounting the claimant's testimony was not substantiated by the record, the credibility determination would not be reversed "as long as the ALJ provided at least one reason to support the finding"). While Plaintiff alleges the Social Security Administration's regulations no longer use the term "credibility," *see* SSR16-3p, Plaintiff does not explain how the change in terminology establishes that the ALJ or the magistrate judge erred.[2] The process now involves determining "whether the individual has a medically determinable impairment (MDI) that could reasonably be expected to produce the alleged symptoms" and "evaluat[ing] the intensity and persistence of an individual's symptoms such as pain and determin[ing] the extent to

---

[2] Additionally, even after the change in terminology, the Seventh Circuit has continued to use the term "credibility" in referring to an ALJ's evaluation of a claimant's subjective complaints. *See Tutwiler v. Kijakazi*, 87 F.4th 853, 858 (7th Cir. 2023); *Holman v. Kijakazi*, 72 F.4th 248, 251-52 (7th Cir. 2023)

which an individual's symptoms limit his or her ability to perform work-related activities." SSR 16-3p. As the magistrate judge found, the ALJ contrasted Plaintiff's allegations about her symptoms with the objective medical evidence, her treatment and medication plan, daily activities, and the prior administrative medical findings. The Court finds no error in the ALJ's evaluation of Plaintiff's subjective complaints.

To the extent that Plaintiff contends the ALJ should have obtained another medical opinion to review the November 2021 MRI, the Court concludes the magistrate judge correctly determined that was not necessary given that the medical evidence was similar to that already reviewed by the state agency physicians. *See Durham v. Kijakazi*, 53 F.4th 1089, 1095-96 (7th Cir. 2022) (stating that resubmission to a medical expert is not necessary when new medical tests do not reveal a worsening of claimant's condition). While Plaintiff claims the ALJ did not cite the reports of the state agency physicians in considering Plaintiff's subjective complaints, the ALJ cited the state agency physicians' opinions and why he found the opinions persuasive. (Doc. 5 at 29). He noted Plaintiff's physical limitations and included a sit/stand option in her RFC based on her testimony. (*Id.*) This is sufficient to establish that the ALJ considered the relevant evidence, including the opinion evidence, when evaluating her subjective symptoms. *See Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (stating that the ALJ adequately explained his reasoning when he "considered and narrated her medical past at length, as well as her testimony and the state agency physicians' opinion").

Plaintiff next contends the magistrate judge erred in finding that the ALJ did not adequately discuss the vocational expert's testimony before concluding that Plaintiff

could perform her past relevant work. Citing *Overman v. Astrue*, 546 F.3d 456 (7th Cir. 2008), Plaintiff states that an ALJ cannot rely on a vocational expert's testimony that conflicts with the information contained in the Dictionary of Occupational Titles ("DOT"). *Id.* at 464-65. However, Plaintiff does not point to any conflict between the vocational expert's testimony and the DOT guidelines. Thus, the Court finds no error in the ALJ's determination that Plaintiff is capable of performing her past relevant work as a tax preparer.

Based on the foregoing, the Court concludes the ALJ committed no error in determining that the ALJ's Decision is supported by substantial evidence. The ALJ did not err in denying Plaintiff Ruby W.'s applications for disability insurance benefits and supplemental security income. For the reasons stated in this Order, the Court OVERRULES Plaintiff's Objections [Doc. 13] and ADOPTS the Report and Recommendation [Doc. 12]. Pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Commissioner's decision denying Plaintiff's application for social security benefits is AFFIRMED.

Pursuant to Rule 25(d), the Clerk shall substitute Leland Dudek, Acting Commissioner of Social Security, as Defendant. The Clerk of the Court will enter judgment and terminate this case.

ENTER:  March 14, 2025

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE